CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 5 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DARRYL EUGENE LEWIS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:05cv00784 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Samuel G. Wilson |
|     Respondent. | ) | United States District Judge |

Petitioner Darryl Eugene Lewis, a federal inmate proceeding pro se, purports to bring this action pursuant to 28 U.S.C. § 2241. Lewis pled guilty in the United States District Court for the Middle District of North Carolina to possession with intent to distribute cocaine hydrochloride and use of a firearm during a drug trafficking crime, and the court sentenced him to 248 months incarceration followed by 6 years of supervised release. Lewis now alleges that the court imposed a sentence in excess of the statutory maximum. A petition pursuant to § 2241 is not the proper avenue for a prisoner to challenge the magnitude of his sentence; rather, a petitioner wishing to launch such an attack must file a petition pursuant to 28 U.S.C. § 2255 in the district court which imposed the sentence.[1]

Because the court may not consider Lewis' claims under §2241, the court will construe his petition as a §2255 motion. As Lewis was convicted in the United States District Court for the

---

[1] There are occasions when a petitioner may challenge the legality of his conviction through a § 2241 petition. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (allowing a petitioner to test the legality of his conviction using a § 2241 petition if the petitioner demonstrates 1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; 2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law). However, Lewis does not challenge the legality of his conviction, only the magnitude of his sentence, and he certainly does not contend that a post-conviction change in the law has legalized either of his crimes.

Middle District of North Carolina, the court could transfer motion to that court. See 28 U.S.C. § 2255. However, Lewis has already filed one §2255 motion in that court.[2] To file a second such motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. § 2255. And as Lewis admits that the Fourth Circuit has denied his motion to submit a second or successive §2255 motion, the district court has no jurisdiction to consider the merits of his §2255 claims. Accordingly, this court cannot find that transfer of a clearly successive §2255 motion to the sentencing court furthers the interests of justice. See, e.g., Dutton v. Warden, FCI Estill, No. 01-6811, 2002 WL 255520 (4th Cir. 2002) (unpublished) (affirming district court's refusal to transfer successive § 2255 motion to the sentencing court where petitioner failed to plead pre-filing authorization). Thus, this court declines to transfer Lewis' motion and dismisses it without prejudice.

The Clerk of the Court is directed to send certifies copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondents, if known.

**ENTER**: This 5th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

[2] See Civil Action No. 6:92cv00294, Lewis v. United States of America, filed in the United States District Court for the Middle District of North Carolina.